[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Statement of the Case
The plaintiff hospital has sued the defendant Paola Martinelli, its former patient. for services rendered during the defendant's confinement there for surgery in 1993. By way of interpleader, the defendant Sgrignari has been joined because he is the holder of the funds which are the subject of this litigation.
A review of the events preceding this trial is essential to an understanding of the issues raised by both sides.
After the patient's discharge from the hospital, she was billed for $22,859.64, the balance claimed to be due after the patient's pre-admission payment of $6,000.00. The patient questioned the drug and medical-surgical supplies portion of the bill CT Page 3234 ($11,842.00). On February 22, 1994, the plaintiff provided a breakdown of those items.
When payment was not forthcoming, the hospital brought suit for the balance billed plus interest and collection costs, as provided in the "payment agreement" executed on December 21, 1993 (Exhibit B). The patient's answer, prepared by the interpleaded defendant Sgrignari, representing her in that suit, was a general denial. In a special defense, the patient alleged that: "The charges included in Exhibit A are overstated in that they include expenses for medical-surgical supplies which were to be included in the surgeons's fees for the medical services to defendant." (Exhibit 2).
Subsequently, counsel for the hospital was the recipient of a letter of protection, executed by Mr. Sgrignari on behalf of Ms. Martinelli. That letter referred to a suit pending on her behalf and referred to an unpaid balance in the amount of $22,859.64.
When the plaintiff learned that the patient had recovered in her suit, demand was made for payment in accordance with the letter of protection. The patient then asserted the claim that the hospital had billed her for surgical supplies which had been provided and billed by the surgeon. This suit resulted.
 DISCUSSION I
A.
The letter of protection contains no language to indicate that it was conditioned upon the plaintiff's proving the amount claimed was the amount properly due. In pertinent part, it states ". . . you agree to pay said account balance . . ." The account balance is stated as $22,859.64.
While the attorney handling the patient's tort claim testified he "understood that there was a disputed amount to be decided in court later," no writing evidencing such an understanding was produced at trial. Mr. Gary Palmer, a para-legal employed by the law firm representing the hospital, testified that there was no dispute over the bill when he forwarded the protection letter and if there had been such a dispute, the protection letter would not have been accepted. CT Page 3235
B.
The patient-defendant offered no evidence to support the claim that there was a duplication of charges. The bill from the surgeon was offered, but a comparison of that bill with the hospital bill proves nothing as to the items the defendant disputes. The patient stated that the "implants" on the surgeon's bill are the same as the "screws" on the hospital bill. The court does not agree with this conclusion, but the test is not the court's or the patient's opinion, but what someone who is an expert on the subject would say. No such testimony was offered.
It is also significant that when Mr. Palmer responded to the defendant's counsel after he raised this question, he said "these are not the same supplies." He further stated he had spoken to the surgeon prior to responding.
C.
The defendant patient also argues that the fact the plaintiffs attorney met with all parties to discuss this dispute serves to acknowledge their awareness of the claim despite its omission from the protection letter.
This is neither logical nor persuasive. A party's willingness to behave civilly and listen to one's complaint is hardly an admission of responsibility.
D.
The patient further argues that the bill in question was uncollectible unless she recovered in her tort case so it made no sense for her to agree to pay a bill she was contesting!
Mr. Palmer's testimony was pertinent to that claim. He pointed out that the plaintiff hospital as a not for profit entity could place a lien against the patient's tort recovery.
Further, in the protection letter, the plaintiff agreed to accept the principal balance due and owing. The payment agreement called for the patient to pay costs of collection, including a reasonable attorney's fee. Interest would also accrue. Thus, the defendant was able to effect a substantial saving by making the payment as agreed. Even though the recovery wasn't had until CT Page 3236 1998, the agreed upon debt was still the original balance.
 II
The patient also makes the claim that the plaintiff is bound by an alleged agreement made by an employee of the plaintiff to the effect that the total hospital bill would be $6,396.00. To support this claim, she offered a slip of paper on which that amount is the sole writing. She also presented testimony from a relative who acted as her interpreter in discussing her pre-admission payment requirement.
Since the patient had no insurance coverage, she was obligated to pay the hospital bill herself. Interestingly, the amount she paid prior to admission was $6,000.00.
The patient and her relative both state the hospital employee gave them the figure of $6,396.00 as the amount of her total bill
The hospital denies this was the case, noting that in the payment agreement signed by the patient and the employee who is alleged to have given the estimated amount there is a specific disclaimer of such action. Also, a hospital employee who is responsible for such accounts and collections stated the hospital does not give estimates and even if it did, the estimate would only cover operating room time and the charges for the hospital stay.
Finally, the court heard the testimony of a hospital employee who as a nurse auditor is an expert in the field of hospital charges and billing. She testified that the charges billed were customary, reasonable, and correct.
With respect to this claim of a prior estimate of $6,396.00, the court notes it was not raised in the prior collection suit, there is no writing to show it was raised before trial, and it was not pleaded in either case.
 CONCLUSION
It is the judgment of the court that the plaintiff is entitled to recover of the defendant Paola Martinelli the total sum held by the interpleaded defendant, $22,859.64, and he is ordered to pay over said amount and thus be discharged as to all liability. CT Page 3237
The plaintiff has also requested reasonable attorneys' fees and costs of suit. The plaintiff is entitled to its taxable costs. A hearing will be scheduled on the request for attorneys' fees.
Anthony V. DeMayo Judge Trial Referee